UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY REAGAN, )
 )
        Petitioner, )
 )
    v. ) No. 4:08-CV-220-CEJ
 )
DEAN MINOR, )
 )
        Respondent. )

### ORDER AND MEMORANDUM

This matter is before the Court upon petitioner Larry Reagan's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Having reviewed the petition [Doc. #1], the Court will order petitioner to show cause as to why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d)(1).

### The Petition

Petitioner, an inmate at the Moberly Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner states that, after pleading guilty to charges of second degree assault and armed criminal action, he was convicted and sentenced on October 17, 1996, in Montgomery County Circuit Court.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Petitioner states that on June 15, 2007, he filed a habeas corpus action in Randolph County Circuit Court, which was denied on September 17, 2007; and, on January 22, 2008, the Missouri Court of Appeals denied his appeal. Petitioner filed the instant habeas corpus action on February 12, 2008. He argues that the "trial court was without jurisdiction to sentence [him] to a term of 15 years as a prior and persistent offender when [he] was only a prior offender and the maxium [sic] sentence was 7 years."

**Discussion**

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. As previously stated, petitioner is challenging his October 17, 1996 criminal conviction, and he did not file a state habeas corpus action until June 15, 2007.[2] Although petitioner asserts that his "claim is a jurisdictional claim and [he] will

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

[2] The filing of such a motion cannot resurrect an otherwise procedurally-defaulted claim. See Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994).

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

suffer a manifest injustice or miscarriage if this court does not grant habeas corpus relief," petitioner's sentencing argument is actually not an issue concerning the sentencing Court's jurisdictional power over him. Petitioner is challenging the Court's finding that he was a prior and persistent offender. As such, it appears that the instant action is untimely.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant habeas petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 4th day of April, 2008

_____
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com